IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Will Fulcher Jr.                                                                                    Plaintiff

v.                              No. 2:15-CV–181-KGB-PSH

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                      Defendant

## Recommended Disposition

**Instructions**. The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**.  Will Fulcher Jr. seeks judicial review of the denial of his application for supplemental security income (SSI).[3]  Fulcher last worked as a truck driver.[4]  He lost his job because his employer went out of business.[5]  A couple of months later, he applied for SSI and based disability on prostate cancer, blackouts, and high blood pressure.[6]  Later, he relied on the residuals of prostate surgery and anxiety flowing from a motor vehicle accident.[7]

**The Commissioner's decision**.  The Commissioner's ALJ identified severe impairments: history of prostate cancer (in remission), hypertension, osteoarthritis, depressive disorder, and generalized anxiety disorder.[8]  The ALJ determined Fulcher can do some light work.[9]  The ALJ consulted a vocational expert, identified jobs Fulcher could do, and denied the application.[10]

---

[3]SSA record at p. 129 (applying on Oct. 1, 2012 and alleging disability beginning May 1, 2012).

[4]*Id*. at pp. 146 & 158.

[5]*Id*. at pp. 30 & 145.

[6]*Id*. at p. 145.

[7]*Id*. at pp. 31 & 202.

[8]*Id*. at p. 13.

[9]*Id*. at pp. 14-15.

[10]*Id*. at p. 19.

After the Commissioner's Appeals Council denied review,[11] Fulcher filed this case to challenge the decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a harmful legal error.[13] The recommended disposition explains why the court should affirm the decision.

**Fulcher's allegations**. Fulcher challenges the evaluation of his credibility. He claims the determination that he can do some light work is inconsistent with the mental examiner's report. He maintains the ALJ omitted limitations from the hypothetical question.[14] For these reasons, he contends substantial evidence does not support the decision.

**Applicable legal principles**. For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Fulcher could do some light work.[15]

---

[11]*Id*. at p. 1.

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]Docket entry # 9.

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[16] The ALJ required work involving simple, routine, repetitive tasks, but not work at a production-pace rate. A reasonable mind will accept the evidence as adequate for the following reasons.

**Medical evidence documented no disabling physical symptoms for 12 continuous months**. To prove disability, the claimant must prove disabling symptoms for 12 continuous months.[17] The claimant must prove disabling symptoms with medical evidence; subjective allegations are not enough.[18]

---

[16]20 C.F.R. § 416.967(b).

[17]*See* 42 U.S.C. § 1382c(a)(3)(A) (specifying duration requirement for disability benefits). *See also* 20 C.F.R. § 404.1505(a) ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").

[18]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with

When Fulcher applied for SSI on October 1, 2012, he had prostate cancer.[19] On November 9, 2012, he underwent prostate surgery.[20] The surgery removed the cancer, but Fulcher experienced incontinence as a side effect.[21] At his hearing on May 14, 2014, Fulcher contended incontinence persisted and prevented him from working.

Even if incontinence was so severe as to be disabling, there was no medical evidence of incontinence for 12 continuous months. Treatment records documented a complaint of incontinence on December 18, 2012.[22] The agency mental examiner documented a complaint on March 21, 2013.[23] A mental health provider documented a complaint on April 7, 2014.[24] The evidence did not establish disabling symptoms for 12 continuous months.

**The ALJ had a sufficient basis for discounting credibility**. An ALJ must evaluate the claimant's credibility because subjective complaints play a role in

---

the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[19]Fulcher alleged disability beginning May 1, 2012, but he wasn't eligible for SSI until he applied on Oct. 1, 2012. 20 C.F.R. § 416.335.

[20]SSA record at p. 290.

[21]*Id*. at pp. 304-06.

[22]*Id*. at p. 304.

[23]*Id*. at p. 330.

[24]*Id*. at p. 368.

determining the claimant's ability to work.[25] The ALJ may discount subjective complaints based on inconsistencies in the evidence.[26]

Fulcher alleged incontinence was so severe as to prevent him from working, but the lack of medical evidence weighed against his credibility. Between March 21, 2013 and April 7, 2014, Fulcher saw a primary care provider (PCP) for various physical complaints, but treatment notes do not mention incontinence. Instead, Fulcher complained about anxiety and periodic right-leg numbness.[27] If Fulcher experienced incontinence during that time period, it is reasonable to expect him to complain about his symptoms and to expect the PCP to document the complaints.

Fulcher contended incontinence never resolved, but he returned to work as a truck driver on June 27, 2013. Unfortunately, the effort resulted in a motor vehicle accident (MVA) in which someone died. Fulcher did not return to driving due to anxiety flowing from the MVA, not incontinence. The ALJ relied on these inconsistencies in discounting claims of disabling physical symptoms.

**Medical evidence documented no disabling mental symptoms**. In determining

---

[25]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[26]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

[27]SSA record at p. 341 (Aug. 13, 2013: cold and congestion), p. 344 (Aug. 26, 2013: anxiety, stress flowing from the MVA, shoulder pain, right-leg and right-hand numbness) & p. 349 (Mar. 13, 2014: shortness of breath, periodic right-leg numbness, anxiety).

the claimant's ability to work, the ALJ must consider whether the claimant has mental symptoms limiting his ability to work.[28] "A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [the claimant's] ability to do past work and other work."[29] The ALJ determined Fulcher's mental symptoms limited him to simple, routine, repetitive tasks and prevented work at production-pace rate.[30] The following substantial evidence supports the determination.

Fulcher underwent a mental exam on March 21, 2013. During the exam, he reported that his new wife left him because he was diagnosed with cancer.[31] Fulcher was understandably depressed. He lived with mother; he gave up his home when he married. Fulcher was experiencing problems with incontinence, as evidenced by leaving the exam several times to use the bathroom.[32] The mental examiner reported a

---

[28]20 C.F.R. § 416.945(a)(4) ("When we assess your residual functional capacity, we will consider your ability to meet the physical, *mental*, sensory, and other requirements of work ….") (italics added).

[29]20 C.F.R. § 416.945(c).

[30]SSA record at pp. 14-15.

[31]*Id*. at p. 331.

[32]*Id*. at p. 332.

poor capacity to work due to depression.[33] The examiner doubted Fulcher could complete work tasks in an acceptable manner until his depression was better controlled.[34]

A few months later, Fulcher obtained a job driving a truck. On the first day, a car drove in front of the truck he was driving.[35] The driver died in the resulting impact. The experience exacerbated Fulcher's mental symptoms. For a short while, he underwent psychotherapy.[36] His PCP later prescribed anti-depression and anti-anxiety medication, and referred him to a mental health provider.[37] The mental health provider recommended outpatient mental health treatment.[38]

This evidence showed Fulcher had mental symptoms limiting his ability to work. Importantly, it also showed that mental symptoms could be improved with treatment, as evidenced by recommendations for treatment and prescribed treatment. A reasonable mind will accept the evidence as adequate to support the decision because:

---

[33]*Id.* at p. 333.

[34]*Id.* at p. 334.

[35]*Id.* at p. 229 (police accident report).

[36]*Id.* at p. 240 (July 8, 2013), p. 239 (July 15, 2013), p. 238 (July 18, 2013), p. 237 (July 22, 2013) & p. 236 (July 29, 2013).

[37]*Id.* at pp. 350 & 367.

[38]*Id.* at p. 374.

(1) symptoms that can be controlled with treatment are not disabling under social security law,[39] and (2) the ALJ accounted for mental symptoms by requiring simple, routine, repetitive tasks and excluding production-pace-rate work.  Fulcher's reliance on the mental examiner's report fails for two reasons: (1) the mental examiner indicated symptoms could improve with treatment, (2) Fulcher received no treatment at the time of the mental exam, and (3) Fulcher's depression later improved such that he returned to truck driving, albeit for one day due to the MVA.

**Vocational evidence supports the decision**.  A vocational expert classified Fulcher's past work as a truck driver as semi-skilled medium work.[40]  Because the ALJ required light work involving simple, routine, repetitive tasks, the ALJ determined Fulcher could no longer do his past work.  The ALJ asked the vocational expert about available work for a person with Fulcher's limitations.  Fulcher claims the ALJ should have included more limitations, but his argument relies on properly discounted allegations.

The vocational expert identified housekeeping cleaner, cleaner II, and title patch worker as available jobs.[41]  The available jobs show work existed that Fulcher could do,

---

[39] *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[40] SSA record at p. 48.

[41] *Id*. at p.49.

regardless of whether such work existed where he lived, whether a job vacancy existed, or whether he would have been hired if he applied for work.[42]  A reasonable mind will accept the vocational evidence as adequate to show work existed that Fulcher could do.

**Conclusion and Recommended Disposition**.  Substantial evidence exists because a reasonable mind will accept the evidence as adequate to support the decision.  The ALJ made no harmful legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Fulcher's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 28th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[42] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).